UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAR 1 6 2004
Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARIA G. GUERRERO, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. B-03-160 |
| § | (Crim. No. B-02-734) |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner Maria G. Guerrero has filed a putative 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's application for 28 U.S.C. § 2255 relief should be DENIED.

### PROCEDURAL BACKGROUND

When Petitioner submitted her Motion to Vacate, Set, Aside, or Correct Sentence, she used the form version commonly made available to prisoners. However, initially there was no properly filed application to proceed in forma pauperis. In addition, despite filling out the factual data required on the form version of the § 2255 motion, Petitioner failed to lists any grounds for relief (See Docket No. 1 at p. 4-6). Accordingly, this Court ordered Guerrero to respond in some fashion by November 24, 2004, lest her application for habeas corpus relief be dismissed (Docket No. 2).

Petitioner reacted to this Court's order by properly filing an in forma pauperis application within the time limit specified by the court. However, Petitioner again failed to convey to the court any basis for her Section 2255 motion. The Court then issued another order, attempting to clarify to Petitioner that she in some way needed to state a claim (i.e., state some grounds for

relief) in order for this Court to consider her motion (See Docket No. 4). More specifically, the Court sent Guerrero a copy of her 2255 application and instructed her to fill out page five, which includes the section under which a Petitioner is directed to state her various grounds for relief. After a series of –what the court assumes were– miscommunications, Petitioner Guerrero apparently was able to understand the court's instructions (See, e.g., Docket No. 6). As a result, on March 11, 2004, the district clerk filed what has been docketed as an amended motion to vacate under 28 U.S.C. 2255 (Docket No. 7), in which Petitioner Guerrero complied with this court's order by filing out page five of her motion. However, in doing so, Guerrero lists as grounds for relief a series of what might be described as emotional pleas, regarding, for example, her desire to be with her children and that she realizes the gravity of her mistakes.

## ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and that would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056 (1996); *see also* 28 U.S.C. § 2255. In other words, a Section 2255 Motion to Vacate, Set Aside, or Correct Sentence –such as the one filed by Petitioner Maria Guerrero– is not the proper vehicle for an emotional appeal to the court. As much as the Court sympathizes with Petitioner Guerrero's plight and her desire to be with her family, facts such as those presented by Guerrero –even if true– cannot serve as the basis for relief under § 2255. Put another way, this Court cannot recommend any action, much less the reduction in sentence Guerrero seeks, for the reasons she has stated in her § 2255 motion.

## RECOMMENDATION

A thorough review of the motion at issue, together with all files, records, transcripts and correspondence relating to the judgment being challenged, conclusively shows that the movant is not entitled to the relief sought; therefore an order for summary dismissal would be appropriate in this case. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. foll. § 2255; *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). Accordingly, this Court RECOMMENDS that Petitioner's 28 U.S.C. § 2255 Motion be summarily DISMISSED and that the relief sought be DENIED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996). In other words, if a party wishes to object to this Court's Report and Recommendation, he or she must do so in writing within 10 days after receiving this document.

DONE at Brownsville, Texas, this 16th day of March, 2004.

                                                  Felix Recio
                                                  United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA G. GUERRERO,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. B-03-160<br>(Crim. No. B-02-734) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence is hereby summarily DISMISSED and the relief sought is DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2004.

_____
Hilda G. Tagle
United States District Judge

4